IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES G. WOODARD, )
    Plaintiff, )
     )
vs. ) Case No. 09-1324-EFM-KMH
     )
BNSF RAILWAY COMPANY, )
    Defendant. )

## COMPLAINT

Comes now the plaintiff, CHARLES G. WOODARD, by and through his attorneys, BLUNT SLOCOMB, LTD., and E. L. LEE KINCH, and for his claim for relief against the defendant, BNSF RAILWAY COMPANY, alleges as follows:

### COUNT I

1. At all times herein mentioned, the defendant, BNSF Railway Company, was a corporation engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the state of Kansas and other states of the United States. At all times materials herein, the Defendant maintained offices, buildings, tracks and yards in and about the City of Augusta, Butler County, Kansas.

2. This action is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C § 51, et seq.

3. At the time of the occurrence and the events hereinafter related, Plaintiff was employed by the Defendant as a track supervisor in its track department and was engaged in labor in the scope of such employment by Defendant which directly, closely and substantially affected Defendant's business in interstate commerce. Accordingly, the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C. §51, et seq.

4.  On or about March 15, 2008, as Plaintiff was moving a hydraulic rail shearer, he suffered serious and permanent injuries to his cervical, thoracic and lumbar spine as a result of the negligence of the Defendant in the following particulars:

    a.  Defendant negligently failed to provide the Plaintiff with a reasonably safe place to work;

    b.  Defendant negligently failed to provide Plaintiff with safe and proper tools and equipment with which to perform his work;

    c.  Defendant negligently failed to provide Plaintiff with reasonably safe methods of performing his work;

    d.  Defendant negligently failed to provide Plaintiff with adequate assistance to perform his work; and

    e.  Defendant negligently failed to provide Plaintiff with adequate time to perform his job.

5.  The aforesaid occurrence was caused, in whole or in part, by one or more of the foregoing negligent acts or omissions all in violation of the Federal Employers' Liability Act, 45 U.S.C. §51 et seq.

6.  As a direct result of Defendant's negligence, Plaintiff sustained severe and permanent injuries consisting of injuries to his cervical, thoracic and lumbar spine.

7.  Prior to this occurrence, Plaintiff was an able bodied man capable of earning approximately $86,000 per year. Plaintiff was 60 years of age at the time of his injury and has a life expectancy of 20.9 years. By reason of such injuries, Plaintiff has been disabled from employment and his earning capacity permanently impaired. Moreover, the Plaintiff has in the past and will continue in the future to incur medical expenses for necessary and reasonable medical care and attention. Finally, Plaintiff has suffered and will continue to suffer mental

anguish and great physical pain all to his damage in an amount in excess of $500,000.

## COUNT II

Comes now the plaintiff, CHARLES G. WOODARD, by and through his attorneys, BLUNT SLOCOMB, LTD. and E. L. LEE KINCH, and for Count II of his claim for relief against the Defendant, BNSF RAILWAY COMPANY, alleges as follows:

8. Plaintiff incorporates herein the allegations of paragraphs 1 through 7 of Count 1 of his Complaint.
9. At all times the material herein, Plaintiff was employed by the Defendant as a track supervisor and was engaged in the performance of his duties from March 31, 1977, to September 9, 2008.
10. Commencing on March 31, 1977, and continuing through September 9, 2008, Plaintiff was assigned by Defendant to perform work on its track in Kansas using tools, equipment and machines provided by Defendant. Said tools, equipment and machines consisted of the following: tamper tool, hydraulic wrench, hydraulic drill, spike puller, spike hammer, spike maul, maul hammer and hydraulic saw, the long term repetitive use of which resulted in permanent injuries to Plaintiff's cervical, thoracic and lumbar spine.
11. The aforesaid occurrence occurred, in whole or in part, as a result of the negligence of the Defendant in on or more of the following particulars:
    a. The Defendant negligently failed to educate and train Plaintiff concerning the prevention of repetitive trauma when it knew or should have known that the tools and equipment supplied by Defendant could cause repetitive traumatic injuries;
    b. Defendant negligently failed to warn Plaintiff about the development of repetitive traumatic injuries when it knew or should have known

    b.    Defendant negligently failed to warn Plaintiff about the development of repetitive traumatic injuries when it knew or should have known that the tools and equipment provided could cause repetitive traumatic injuries;

    c.    Defendant negligently failed to medically monitor Plaintiff relative to the development of repetitive traumatic injuries when it knew or should have known that the tools and equipment provided could cause repetitive traumatic injuries;

    d.    Defendant negligently failed to provide proper tools and equipment to reduce the risk of repetitive traumatic injuries;

    e.    Defendant knew or should have known of the damages caused by the tools used by Plaintiff through studies performed by the American Association of Railroads of which Defendant is a member, as well as its own ergonomic studies, but failed to educate and train the Plaintiff regarding the proper use of the tools and equipment requisite to avoiding repetitive traumatic injuries;

    f.    Defendant negligently failed to supply rotating employees to do the work and reduce the risk of repetitive traumatic injuries; and

    g.    Defendant negligently failed to allow sufficient track time for its employees to complete the work assigned.

12.    As a result of the foregoing negligent acts or omissions, in whole or in part, Plaintiff sustained severe and permanent injuries to his cervical, thoracic and lumbar spine resulting in disability, associated medical expenses which are reasonably anticipated to continue in the future, loss of earnings and permanent impairment of earning capacity.  Finally, Plaintiff has suffered and will continue to suffer mental anguish and great physical pain and suffering all to his damage in an amount of $500,000.

*[signature]*
E. L. Lee Kinch, #06406
Office of E. L. Lee Kinch
Post Office Box 47192
Wichita, KS  67201
Telephone:  316-265-3366
Fax:  316-265-3427
kinchel@sbcglobal.net

*[signature]*
Michael G. Burnworth   #06188619
BLUNT SLOCOMB, LTD.
60 Edwardsville Professional Park
Post Office Box 373
Edwardsville, IL 62025
Telephone:  618-656-7744
michaelb@bluntlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Wichita, Kansas as the place for trial in the above-captioned matter.

*[signature]*
E. L. Lee Kinch, #06406
Office of E. L. Lee Kinch
Post Office Box 47192
Wichita, KS  67201
Telephone:  316-265-3366
Fax:  316-265-3427
kinchel@sbcglobal.net

*[signature]*
Michael G. Burnworth   #06188619
BLUNT SLOCOMB, LTD.
60 Edwardsville Professional Park
Post Office Box 373
Edwardsville, IL 62025
Telephone:  618-656-7744
michaelb@bluntlaw.com